STATE ex rel. ASA. DAVIS, Appellant, v. J. H. BALDWIN et al., Respondents.

**Kansas City Court of .Appeals, November 7, 1904.**

1. **TRIAL PRACTICE:** Judgment: Nunc Pro Tunc Entry. A *nunc pro tunc* entry must be treated as erroneous and void unless it contains the identical judgment of the court at a former term and conforms to the record memorandum of the judge's and clerk's minutes or other papers in the case existing or made at the term at which the case was decided; and an order of a county court set out in the opinion is unauthorized.

2. **LOCAL OPTION:** Statutory Compliance: Notice: Newspaper. There should be substantial compliance with the statute in the adoption of the local option law which requires the county court to designate some newspaper in which such notice should be published.

Åppeal from Polk Circuit Court.—*Hon. Argus Cox, Judge.*

REVERSED AND PEREMPTORY WRIT ORDERED.

*C. H. Skinker* and *Rechow & Pufahl* for appellant.

(1) There was no order for an election until the pretended *nunc pro tunc* entry, which was made on the day of the trial in the circuit court; to-wit, on the 24th day of August, 1904. (2) There was no notice of the election. The pretended notice is no notice. The publication purports to be a copy from the record of an order calling an election, when in fact no such record existed until the pretended *nunc pro tunc* entry made on the 24th day of August. (3) The pretended notice of election in the issue of June 23 is not signed by any one, has no certificate or seal attached to it, and is not dated and is void. Commonwealth v. Barrett (Ky.), 17 S. W.

State v. Baldwin.

Rep. 336; Swenson v. McLaren (Tex.), 21 S. W. Rep. 300; 6 Am. and Eng. Ency. of Law (1 Ed.), under head "Elections" VI; Wade on Notice, secs. 1053, 1062 and 1107; Anderson's Law Dictionary, p. 820, number "2" under word "Proclamation"; Bohn v. Devlin, 28 Mo. 319; McPike v. Pen, 51 Mo. 64; Cella v. Schnairs, 42 Mo. App. 316; Towner v. Remick, 19 Mo. App. 205; Schulenberg v. Boscan, 38 Mo. App. 189. (4) After the pretended notice had been once published in the issue of June 23 there was no authority to change it and no one had any right or authority to add the certificate thereto. Wade on Notice, sec. 1954. But in the case at bar there is no evidence by whom or at whose suggestion such certificate was added or that it was done by any legal authority. (5) It required twenty-eight days' notice. State ex rel. v. Tucker, 32 Mo. App. 620; Leonard v. County Court, 32 Mo. App. 633; Bean v. County Court, 33 Mo. App. 642; State v. Kaufman, 45 Mo. App. 659; State ex rel. v. Martin, 83 Mo. App. 57; Young v. Downey, 150 Mo. 330.

*L. Cunningham* and *John S. Haymes* for respondents.

(1) Mandamus will only issue where there is a clear legal right. 14 Am. and Eng. Ency. of Law, (1 Ed.), 94; Mansfield v. Fuller, 50 Mo. 338; Betts v. Megown, 89 Mo. 156. (2) The endorsement on the petition, the entry on the minute book of the county court, and the notice of election (which is said to be a copy of the record) were more than sufficient to authorize the making of the *nunc pro tunc* order of election, if indeed any further order was necessary. Corning v. Groomer, 110 Mo. 632. When this entry was made it related back to the making of the original entries. Gamble v. Daugherty, 71 Mo. 599. (3) The notice of election, in form, was sufficient to fully notify all qualified voters

that the election had been called, and although in its first publication it was neither certified to or signed, we submit that the election is not void because of the want of these. Block v. Railroad, 18 Wis. 208; Daugherty v. Brown, 91 Mo. 26; Warren v. Gibson, 40 Mo. App. 470; People v. Carpenter, 24 N. Y. 86.

BROADDUS, J.—This is a mandamus proceeding to compel respondents, the judges and clerk of the county court of Polk county, to issue to appellant a dramshop license for the second period of six months upon a petition filed with the said court January 1, 1904, upon which the first six months' license was issued February 10 to keep a dramshop in lot 3, block 20 in the city of Bolivar.

Upon the trial it was admitted that relator was entitled to such license unless the provisions of article 3, chapter 22, Revised Statutes 1899, known as the local option law, had been legally adopted and were in force in the county at the time of the application therefor and the trial of the cause, the respondents in their return to the writ basing their refusal to grant the license on that ground. The relator denied that the provisions of the statute referred to had been legally adopted and contended that they were therefore not in force in that county.

The election was held on the 23d day of July, 1904, and the board of canvassers found that the said local option law had been adopted by the requisite majority. Relator contends that said election was void for the reason that the statute was not complied with in the proceedings leading up to said election. The first notice was published on June 23 of said year and was as follows:

"NOTICE OF ELECTION.

"Notice of election to determine whether spirituous and intoxicating liquors, including wine and beer,

shall be sold within the limits of Polk county, in the State of Missouri.

"Be it remembered that on Tuesday, the 14th day of June, 1904, the same being the second day of the June adjourned term of the county court of Polk county, State of Missouri, among other proceedings there was a petition filed and received by the said county court signed by one- tenth of the qualified voters of said Polk county, Missouri, qualified to vote for members of the Legislature, for an election to be held in said Polk county, Missouri, to determine whether spirituous and intoxicating liquors, including wine and beer, should be sold within the limits of said Polk county, Missouri, according to the provisions of section 3027 of the Revised Statutes of Missouri 1899. And on the 15th day of June, 1904, the same being the third day of the June adjourned term of the county court of said Polk county, Missouri, among other proceedings the following were had: The county court having seen and heard the said petition, find that said petition is signed by one-tenth of the qualified voters of said Polk county, Missouri, qualified to vote for members of the Legislature. And it is therefore ordered by the said county court that said election be held in said Polk county, Missouri, at the usual voting precincts for holding any general election for State officers, under the provisions of section 3027 of the Revised Statutes of Missouri 1899, on Saturday, the 23d day of July, 1904, to determine whether spirituous and intoxicating liquors, including wine and beer, shall be sold within the limits of said Polk county, Missouri, and that the tickets to be voted by the voters at said election shall have written or printed on them the words: 'Against the sale of intoxicating liquors;' 'For the sale of intoxicating liquors;' ('Erase the clause you do not want').

"It is further ordered that notice of said election be given by publication in the Boliver Free Press, a

newspaper published in said Polk county, and in the Bolivar Herald, for four consecutive weeks.''

After the publication on June 23, the notice was also published on June 30, July 7, 14 and 21, but in these subsequent publications the following certificate was attached:

''State of Missouri, County of Polk, ss.:

''I, S. G. Kelley, Clerk of the county court in and for said county, hereby certify that the above is a true copy of the original order of court, as the same appears on record in my office.

''Witness my hand as clerk and the seal of said court.

''Done at my office in Bolivar, this 21st day of June, 1904.                    S. G. KELLEY,

(L. S.)                                 ''Clerk.''

Section 3029 providing for such notice is as follows:

''Notice of such election shall be given by publication in some newspaper published in the county, and such notice shall be published in such newspaper for four consecutive weeks, and the last insertion shall be within ten days next before such election, and such other notice may be given as the county court or municipal body ordering such election may think proper, in order to give general publicity to the election.''

On the 14th of June, the time when the court made the order for holding the election, the only entry upon its records or minutes was as follows:

''In the matter for the petition for local option election, petition granted and election ordered on July 23, 1904. Judges selected as follows, to-wit: . . .''

But after the election had been held on the 24th of August, the court entered a *nunc pro tunc* order on its records which set out, among other matters, the following:

"It is further ordered that notice of said election be given by publication in the Bolivar Free Press, a newspaper published in Polk county, and in the Bolivar Herald for four consecutive weeks."

Relator contends that the *nunc pro tunc* order was void for the reason that there was nothing on the records or minutes of the court to authorize such an order.

Under section 3029 of said local option law it devolved on the county court to direct in what newspaper published in the county, if there was more than one so published, in which notice of the election should be published and to order such other notice as it might think proper in order to give general publicity to the election. As there was no entry made on the records of the court at the time the election was ordered, June 14, directing in what newspaper the notice of election should be published, or what additional notice should be given, there was nothing upon which to base said *nunc pro tunc* entry. It is well-settled law in this State that after the expiration of the term of court in which a judgment is rendered it can not be amended at a subsequent term. "But a court at any time may correct a clerical error by the minutes of the judge or some record in the cause showing clearly that such clerical error was committed. It may correct a judgment entry so as to make the judgment that which the court in fact rendered." [Ross v. Ross, 83 Mo. 100 and cases cited.] The law is very clearly stated in Page v. Chapin, 80 Mo. App. 159, by GILL, J., as follows: "A *nunc pro tunc* entry must be treated as erroneous and void unless it contains the identical judgment which the court at the former term rendered, and conforms to the record memoranda of the judge's and clerk's minutes, or other papers in the case existing or made at the term when the case was decided." The law is also stated in similar language in Railway v. Holschlag, 144 Mo. 253. "Entries *nunc pro tunc* can only be made upon evidence furnished by the papers and files in the cause or

something of record, or in the minute book, or in the judge's docket, as a basis to amend by.'' A county court being a court of record speaks by its records and is governed in that respect as circuit or other courts of record. From what has been said it follows that as the notice published of said election was unauthorized by any judgment, entry or record in the proceeding made at the term the same was ordered to be held, therefore, it was void.

There should have been at least a substantial compliance with the statute as the adoption of the local option law involved one of the most vexatious and grave questions of the times. The law required that the county court should designate some newspaper published in the county in which notice of the election should be published as well as to give such other notice as it might think proper in order to give general publicity of such election. And having omitted to perform its duty in that respect at the proper term, its subsequent action after the election had been held amending its record without authority of law should not be upheld.

There were many other irregularities connected with the holding of said election but as the question decided goes to the very basis of the proceedings they will not be considered in this opinion.

The cause is reversed and the alternate writ of mandamus is made peremptory. All concur.