## SIOUX FALLS ELECTRIC LIGHT & POWER CO. v. CITY OF SIOUX FALLS, et al.

A city council has no power to submit to the vote of the electors a resolution adopted by it to enter into a contract for lighting the city; power to do this being given by Rev. Pol. Code, §§ 1214—1228, to the city auditor only, and the only power of submission given the council being in case it has rejected a petition to pass a law or adopt a resolution.

Under Rev. Pol. Code, § 1215, providing for a petition to the city auditor for submission to the vote of the electors of a resolution passed by the council, and section 1217, providing that said petition, or, if more than one, each petition shall be verified by five signers thereof, the auditor is not authorized to make such submission, where three petitions are filed in his office, only one of which is verified by five signers, though the three petitions are attached together.

The naming of one in a judgment as a party defendant who was not a party is not ground for reversal, being but a clerical error, that may be treated as surplusage or corrected by the trial court at any time on motion.

(Opinion filed, Aug. 1, 1906.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Certiorari by the Sioux Falls Electric Light & Power Company against the city of Sioux Falls and others. From an adverse judgment, defendants appeal. Affirmed.

*Aikens & Judge,* for appellants. *Winsor & McNaughton,* for respondent.

CORSON, J.   This is an appeal by the defendants from a judgment entered in certiorari proceedings by the circuit court of Minnehaha county annulling a resolution of the city council and the action of the city auditor of the city of Sioux Falls submitting to the electors of said city at a special election a resolution, previously adopted by said city, directing that a contract be entered into between the plaintiff and said city for furnishing power for city lighting.   It is disclosed by the record: That at some time prior to the 12th of September, 1905, the plaintiff submitted a proposition to the city council of Sioux Falls for furnishing the power for city lighting required by it for lighting its streets upon certain terms and conditions therein specified.   That on said day city council adopted the following resolution: "Resolved, that contract for furnishing power for the city lighting be awarded to the Sioux Falls Electric Light & Power Company according to the terms of their bid: provided that said firm make use of the dynamos owned by the city and pay therefor annually a sum equal to six (6) per cent. of their appraised value; also that said firm pay the city additional for use of the dynamos such sum as the difference amounts to between the appraised value thereof at the time of letting this contract, and the time of expiration of contract the time of said contract to be five or ten years, at the option of the city of Sioux Falls."   That in pursuance of said resolution a contract was entered into on the same day between the city and said plaintiff, in accordance with the proposition made by the plaintiff and as modified by the resolution.   That subsequently, on the 30th day of September, three petitions were filed in the office of the auditor of said city, addressed to such auditor, purporting to be signed by the required number of electors, and demanding that said resolution and contract be submitted to a vote of the people, but verified by only five electors.   That on the 13th day of October the city council, assuming to act upon such petitions, adopted an ordinance, the first section of which is as follows: "Be it ordained by the city council of the city of Sioux Falls, South Dakota, that a special election be held in and for the said city of Sioux Falls, on the 27th day of October, 1905, for the purpose of submitting to the legal voters of said city of Sioux Falls, for adoption or rejection, the

following resolution." Then follows the resolution heretofore copied in this opinion. The second section provides for the form of submitting the resolution to the voters, section 3 provides for the method of conducting the election, and section 4 provides that the ordinance shall take effect immediately upon its approval and publication. Thereupon the plaintiff commenced this action to annul the said proceedings in ordering the said special election, upon the ground that the resolution was in excess of the powers of the city council.

It is contended by the respondent, in support of the judgment of the learned circuit court, that (1) the city council had no authority to submit the resolution and contract to the electors at a special election for the reason that no such power is conferred upon the council; (2) that the three petitions were verified by only five persons, whereas, under the law, each of the three petitions should have been verified by five voters and petitioners, who signed the petition, in order to authorize the auditor to submit the same; (3) that the resolution and contract in controversy in this action are included within the exception in section 1214, Rev. Pol. Code, as expenditures for the ordinary current expenses of the city; (4) that, the contract having been executed by the order of the city council, it could not be annulled, except by the consent of the respective parties. It is contended by the appellants that (1) the city council possessed the power of submitting the resolution and contract in controversy to a vote of the people independently of any petition; (2) that, if a petition was required to set in motion the said city council, the petitions in this case were sufficient, as, being attached together, they in effect constituted but one petition and its verification, therefore, by five voters, was a sufficient compliance with the law; (3) that, if the proceedings were not so far regular that the city council might be compelled by mandamus to submit the resolution and contract to a vote of the people, yet, the city council having acted, its action was within its jurisdiction and could not properly be declared void under the certiorari proceedings.

In our opinion the judgment of the court below was right upon the first ground stated by respondent in its contentions. Article 4, c. 14, of the Revised Political Code, embracing sections 1214 to

1228, inclusive, provides for the application of the initiative and referendum law to laws, ordinances, and resolutions, passed or adopted by a city council, to a vote of the electors at a general or special election. Section 1214, in effect, specifies what laws, ordinances, and resolutions may be submitted to such a vote, by providing that no such law, ordinance or resolution shall go into effect until the expiration of 20 days after its passage or adoption. Sec. 1215 provides that a certain part of the electors of the city may file a petition with the city auditor requiring the submission of any such law, ordinance, or resolution to a vote of the electors. Section 1216 provides what part or portion of such law, ordinance, or resolution shall be submitted to such vote. Section 1217 provides that each petition so filed with the city auditor shall be verified by five voters, who have signed the petition in the manner therein specified. Section 1218 provides that it shall be the duty of the auditor, upon receiving such petition, to publish such law, ordinance, or resolution, or such part thereof as may be required to be submitted, and attach thereto a notification that upon the day therein named the electors will vote upon the question of the adoption or rejection of such law, ordinance, or resolution. By section 1219 it is provided that the auditor shall prepare ballots, etc., for such election, and sections 1221 and 1222 provide for the manner of conducting such election. It will thus be seen that the city council is not authorized to take any action in regard to referring any law, ordinance, or resolution passed or adopted by it to a vote of the electors.

We are unable to agree with counsel for appellants in their contention that the city council possessed the inherent power of submitting the resolution and contract to the electors of the city, independently of any law expressly conferring upon the council authority so to do. We do not understand that a city council has authority to submit any law passed, or resolution or ordinance adopted, to the electors of the city, either at a general or special election, unless expressly authorized so to do by the law-making power, and the Legislature has not conferred upon the city council any authority to submit the same to the electors, either with or without a petition, but has conferred this authority solely upon

said auditor when a proper petition is filed in his office. Counsel for appellants has not called this court's attention to any decisions sustaining their contention, and we are of the opinion that no such decisions can be found. This court held, in the case of ex rel. McGee v. Gardner, 3 S. D. 553, 54 N. W. 606, that there is no inherent power in the people to hold an election unless expressly authorized by law; and the same rule undoubtedly applies to an election attempted to be authorized by a city council, where no power to call such an election has been expressly conferred upon it by law. In volume 15, p. 317, of "Cyc.'" the author of the article on Elections uses the following language: "There can be no valid election without some lawful authority behind it. The right to hold an election cannot exist or be lawfully exercised without an express grant of power by the Constitution or the Legislature acting under constitutional authority." And the law applicable to this subject is thus stated in 10 Am. & Eng. Enc. of Law (2d Ed.) p. 562: "An election held without affirmative constitutional or statutory authority will be invalid, notwithstanding a unanimous vote may be cast in favor of the particular question submitted, or in favor of a particular officer." And this seems to be the settled law upon this subject, and clearly under it the city council, without express authority from the Legislature, possessed no power to call an election for the purpose of submitting to the electors any law, ordinance, or resolution which it may have passed or adopted. The action of the city council, therefore, in attempting by an ordinance to submit its former resolution and contract to a vote of the electors, was clearly without authority and in excess of its jurisdiction, as the power to submit a law, ordinance, or resolution which has been passed or adopted by the council is, as before stated, vested in the city auditor, and not in the city council.

It will be observed by the language of the sections heretofore referred to that the power to submit any law, ordinance, or resolution passed or adopted by a council is conferred upon the auditor alone, and when, a proper petition or petitions are filed in a proper case, it is made his duty to publish the law, ordinance, or resolution, and thereafter submit it to a vote of the electors. The only power conferred upon the city council to submit any law, ordinance,

or resolution to a vote of the electors is in case the electors have initiated the proceedings by filing a proper petition or petitions requesting the city council to pass such law or adopt such ordinance or resolution, as provided by section 1223 and following sections, and which has been rejected by the city council. It is also clear, that the city auditor was not authorized either to present the petitions to the city council, or submit the resolutions and contract to a vote of the electors, as the petitions filed were clearly insufficient to authorize the auditor to take any action thereon. It appears from the record that "three petitions were filed in the office of the city auditor, which were attached to each other, together with an affidavit at the end of the third petition." This affidavit was made by only five voters; no affidavit appearing to have been made or attached to the other two petitions. The law, as will have been noticed, prescribes that, when there is more than one petition, each petition shall be verified by the oath of five voters who signed the petition. The law requiring such oath is clear and specific, and, as two of the petitions were not verified as prescribed by the statute, the auditor was without authority to take any action upon the same, and any attempt on his part to take such action was in excess of his authority and jurisdiction. The three petitions, being attached together, did not constitute one petition, nor obviate the necessity of verifying each petition. The petitions were, therefore, insufficient to authorize any action thereon by the auditor. The rule is too well settled to require the citation of authorities that petitions presented to an officer or board, upon which said officer or board is required to take certain actions, must be substantially in the form prescribed by statute and must be executed with the formalities therein prescribed, and, unless the petitions so required do substantially comply with the statute, the officer or board is without jurisdiction to proceed, and his or its actions will be void. The judgment of the circuit court annulling the action of the city council and city auditor was clearly right, and must be affirmed.

The contention of appellants that the judgment of the court below should be reversed for the reason that the city is named as a party defendant in the judgment, although not made a party defendant in either the writ or return thereto, cannot be sustained,

as the insertion of the name of the city in the judgment as a party defendant was clearly an inadvertent or clerical error, that can be treated as surplusage or corrected by the circuit court at any time upon motion.

As the judgment of the circuit court must be affirmed for the reasons above stated, we do not deem it necessary or proper in this opinion to pass upon the other questions presented by this record, and therefore express no opinion in regard thereto.

The judgment of the circuit court and order denying a new trial are affirmed.