THE STATE OF MISSOURI, Respondent, v.
WILLIAM S. FOREMAN, Appellant.

**Kansas City Court of Appeals, November 5, 1906.**

1. **LOCAL OPTION: Qualified Voter: Order of County Court.** An
   order of the county court found a sufficient number of "the
   qualified voters" had signed a petition for local option. The
   local option law requires "qualified voters who are qualified to
   vote for members of the Legislature," *Held*, the order was suf-
   ficient since our law recognizes no difference in the qualifica-
   tions for voters for different offices and if qualified voters
   they necessarily are qualified to vote for members of the Leg-
   islature. Nor is the record defective in failing to show how
   the court ascertained the qualifications of the voters so long
   as it does not show they pursued an illegal method, though the
   law requires the county court to ascertain the facts by the poll
   books of the last previous general election.

2. ———: **State's Case: Notice of Election.** In a prosecution for
   the sale of liquor in violation of the local option law, the
   State does not have to show as a part of its case that a notice
   of the election was given though without such notice the elec-
   tion would be void.

3. ———: **Sale of Liquor: Indictment.** An indictment returned
   within four years after the adoption of the local option law
   that alleges the date of that adoption and that the law has
   been and now is in force and then charges the sale within the
   four years, is sufficient.

4. **EVIDENCE: Certification of Record: Act of Congress: Clerk.**
   Although the State law makes the act of a deputy the act of
   his principal, yet the validity of a certificate of foreign record
   does not depend upon the State law but the clerk derives his
   authority from the law of Congress and his certificate must
   comply therewith to authorize the admission of the record in
   evidence.

Appeal from Harrison Circuit Court.—*Hon. Paris C.
Stepp*, Judge.

REVERSED AND REMANDED.

*J. C. Wilson* and *Peery & Lyons* for plaintiff in error.

(a) The statute requires that a notice of the election shall be published in a specified manner before a legal election can be held. Sec. 3029. The entire record of the county court certified by the county clerk was offered in evidence by the defendant. It fails to show any publication of the notice, nor was there any other proof offered showing such notice. In all of the cases heretofore passed upon by the appellate courts of this State, involving the question, there was full and ample proof *aliunde* of the publication of the notice. State v. Hutton, 39 Mo. App. 417; State v. Dugan, 110 Mo. 145; Gaston v. Lankin, 115 Mo. 32; Warrensburg v. McHugh, 122 Mo. 652; Waters v. School District, 59 Mo. App. 589. And where certain facts are necessary to confer jurisdiction upon an inferior tribunal, the jurisdiction may be said not to depend on the fact, but on such a fact appearing on the face of the proceedings. Though such facts exist, yet if their existence is not shown by the record, the proceedings are *coram non judice*. Corrigan v. Morris, 43 Mo. App. 456; Haggard v. Railroad, 63 Mo. 302; State ex rel. v. County Court, 66 Mo. App. 96; Langford v. Few, 146 Mo. 154; Reed v. Lowe, 163 Mo. 533; Cummings v. Brown, 181 Mo. 711; Bick v. Tanzey, 181 Mo. 515. (2) The statute is mandatory that before the court can order an election, there must be presented to it a petition signed "by one-tenth of the qualified voters of the county, qualified to vote for members of the Legislature;" and this must appear "by the poll books of the last previous general election." A recital of the jurisdictional facts was necessary to the validity of the proceedings and to the legal adoption of the law. State ex rel. v. Bird, 108 Mo. App. 163; State ex rel. v. Baldwin, 109 Mo. App. 573. (3) The rule for which we are contending has been enforced and illustrated in a number of recent cases involving the valid-

ity of the proceedings of inferior tribunals exercising special statutory powers. Thornbury v. School District, 175 Mo. 12; Pace v. Shoe Co., 103 Mo. App. 662; State ex rel. v. Wilson, 99 Mo. App. 675; Tarkio v. Clark, 186 Mo. 285; Patchin v. Durritt, 116 Mo. App. 437; 1 Black on Judg. (2 Ed.), sec. 282; State ex rel. v. County Court, 66 Mo. App. 96; State ex rel. v. Seibert, 97 Mo. App. 212. We are not unmindful of the fact that the courts have in certain cases involving the local option law, declared that they would indulge certain presumptions where the record was silent. But upon the point now under consideration, is the record silent? Does it not rather show upon its face that the court did not apply the proper statutory qualifications to the petitioners? Will not the mention of one of the statutory qualifications in this record, exclude the others? Does it not show prima facie, that the court, in ordering the election, did not comply with the statute as to that essential jurisdictional fact? State ex rel. v. County Court, 66 Mo. App. 96. It seems to us that if well-known rules of legal construction are to be followed, it must be held that the record of the county court is fatally defective, and that defendant's peremptory instruction should have been given. (4) The indictment is fatally defective and defendant's demurrer and motion in arrest should have been sustained. It is essential to a good charge for this offense, that it allege directly and affirmatively that the local option law "had been adopted and was in force as the law of the State, at the time and place of the alleged sale." Kelly's Crim. Law (Ed. 1892), secs. 1084-5; State v. Searcy, 39 Mo. App. 393; State v. Hutton, 39 Mo. App. 410; State v. Hagan, 164 Mo. 654; State v. Phelon, 159 Mo. 122; State v. Kelly, 170 Mo. 151; State v. Hubbard, 170 Mo. 346. (5) The admission of the certified copy of the record of the Iowa court in the injunction proceedings was reversible error. Murdock v. Hillyer, 45 Mo. App. 287; Morris v. Patchin,

24 N. Y. 394; Lathrop v. Blake, 3 Pa. St. 483; Railroad v. Cutter, 19 Kan. 83; U. S. v. Curtis, 107 U. S. 617, 27 L. Ed. 534; 1 Greenl., Evidence, sec. 506; State ex rel. v. Olin, 23 Wis. 317; Stephenson v. Bannister, 6 Ky. (3 Bibb.) 394; Sampson v. Overton, 4 Bibb. 409; Kirkland v. Smith, 2 Martin 497; Lynch v. Livingston, 2 Seld. 422; Mayer v. Lyon, 38 Mo. App. 635; Paca v. Dutton, 4 Mo. 371; Phelps v. Tilton, 17 Ind. 423; Barlow v. Steel, 65 Mo. 611; Brown v. Johnson, 42 Ala. 208; Holly v. Flourney, 54 Ala. 99; Buck v. Grimes, 62 Ga. 605; Settle v. Allison, 8 Ga. 201, 52 Am. Dec. 393; Johnson v. Howe's Admr., 2 Stew. (Ala.) 27; Hendron v. Daily, 13 Ala. 722; Stephenson v. Bannister, 6 Ky. (3 Bibb.) 369.

*S. P. Davisson,* Prosecuting Attorney, for defendant in error.

(1) The court says that the statute nowhere provides for any form of proof of publication being made to the county court and spread upon the records of that court, and therefore the records of the county court are not deficient on that account. State v. Hutton, 39 Mo. App. 417; State v. Searcy, 39 Mo. App. 393. (2) Under the law the State is not required to prove publication of the notices of the election. State v. Searcy, 39 Mo. App. 407; State v. Prather, 41 Mo. App. 459; State v. Baker, 36 Mo. App. 63. (3) The authority of the county court ceases when it orders the publication of the notice of the election to be made in some newspaper published in the county, giving the name of the paper. If that publication was not made in conformity to the law, then it is the duty of the defendant to show it. State v. Hutton, 39 Mo. App. 417. (4) The law provides that the county court shall determine the sufficiency of the petition presented, by the poll books of the last previous general election, and such a determination being judicial in its character is conclusive, unless

challenged in a direct proceeding for that purpose. Riggins ·v. Obrien, 34 Mo. App. 613; State v. Searcy, 39 Mo. App. 400; Snoddy v. Pettis County, 45 Mo. 361; State ex rel. v. Young, 84 Mo. 90; State v. Evans, 83 Mo. 319; State v. Dugan, 110 Mo. 145.    (5)  An indictment for selling intoxicating liquor in violation of the local option act need allege only the substantive facts necessary to be proved, viz.; the adoption of the law and a sale of such liquor within the territory within which the law is in force.  State v. Prather, 41 Mo. App. 451. Courts will take judicial notice of a public statute. Obrien v. Railroad, 21 Mo. App. 12; Emmerson v. Railroad, 111 Mo. 161; State ex rel. v. Seibert, 130 Mo. 202. And of its requirements.  State v. Case, 53 Mo. 246; State v. Haley, 52 Mo. App. 520; State v. Munch, 57 Mo. App. 207; State v. Quinn, 170 Mo. 176.    (6)  This statute has been construed by the Supreme Court in the following cases:  State v. Blitz, 171 Mo. 539; State v. Hensack, 189 Mo. 295; Land & Lumber Co. v. Chrisman, 172 Mo. 617; State v. Spivy, 191 Mo. 111; State v. Thornhill, 174 Mo. 370.

ELLISON, J.—The defendant was indicted, tried and convicted for selling liquors in Harrison county contrary to the local option statute which is alleged· to have been adopted in that county.

It is urged by the defense that the evidence shows that the local option law was not adopted.   The State introduced portions of the record of the county court which showed a canvass of the votes cast in Harrison county at an election held submitting the local option law, and that a majority were cast in favor of adopting such law.   The State further showed by such record that the county court ordered that notice of the result of the election, so ascertained, to be duly published in the "Bethany Republican."  It was then shown that this notice was properly published.  But the defense introduced the whole of the county court record whereby the

following appeared: "Now comes C. W. Crossan and others and presents to the court a petition signed by nine hundred and fifteen qualified voters of Harrison county, Missouri, asking the court to order an election in Harrison county. . . . And it appearing to the court that more than one-tenth of the qualified voters of said Harrison county have signed said petition . . .," etc.

The law requires that the petition shall be signed "by one-tenth of the qualified voters of any county. . . . who are qualified to vote for members of the Legislature . . ." It further provides that the county court shall ascertain who are qualified voters "by the poll books of the last previous general election."

It will be noticed that the difference between the foregoing record of the county court and the law is that the latter requires that the petitioners shall not only be qualified voters but that they shall be qualified to vote for members of the Legislature. And that the law requires the competency of the petitioners, as such voters, is to be ascertained from the poll books of the last general election; about which the record is silent.

In support of the prosecution, we are cited to the case of State v. Searcy, 39 Mo. App. 393, wherein is stated by the St. Louis Court of Appeals what would be deemed sufficient proof on the part of the State in prosecuting under this law. But defendant insists that that case is not applicable since it here appears, affirmatively, by the record of the county court, that the law was not complied with; and he cites in his support a late case by the St. Louis Court of Appeals, State ex rel. v. Bird, 108 Mo. App. 163, as well as State ex rel. v. Baldwin, 109 Mo. App. 573, and State ex rel. v. Wilson, 99 Mo. App. 680.

If we should concede that the case of State v. Searcy does not apply to the case made by the county court record here involved; or, if it does apply, that it

is overruled by State ex rel. v. Bird, yet we must hold the defendant's point as unsubstantial for the following reason: The law requires the petitioners to be "qualified voters" who are "qualified to vote for members of the Legislature." A qualified voter is described and ascertained both by the constitution and section 6994, Revised Statutes 1899, and as thus qualified, he "shall be entitled to vote at all elections by the people." We know of no difference in the qualification of a voter depending on the office or thing for which he votes. A qualified voter can vote for member of the Legislature and so he may vote at any other election by the people. There is no difference in the qualification of voters at any election by the people whoever the officer voted for may be. So, therefore, when the court record recited that the voters were qualified voters, it necessarily recited that they were qualified to vote for members of the Legislature. If our law recognized a difference in the qualification of voters for different officers, the question before us would not be what it now is.

We do not regard that it was necessary for the record of the county court to show how it ascertained the qualifications of the voters, so long as it does not show they pursued an illegal method.

Nor do we regard that it was necessary for the State to show affirmatively, as to part of its case, that notice of holding the election was given. If the defense should show that no notice was given the election would, of course be void. But, though it is so claimed, such showing was not made.

We do not regard the point made against the indictment as sound. The indictment was returned in October, 1903, and it alleges that the local option law was adopted the 10th of January, 1900, "and has been and now is in force as the law of the State," etc., and then alleges a sale of liquor on the 15th day of August, 1903. Under the statute, after the adoption of the law

State v. Foreman.

in January, 1900, it could not be changed or suspended for a period of four years. It therefore does clearly appear that the misdemeanor was committed while the law was in force at the time and place of committing the act.

We regard the introduction of the court record of the district court of Clarke county in the State of Iowa as improper. It appears that Oliphant was an important witness for the defense and the State sought to discredit him and thereby in effect to deprive defendant of the benefit of his testimony by showing a court record of his conviction for selling liquors illegally in the State of Iowa. In attempting to authenticate that record under the provisions of the act of Congress declaring that full faith and credit shall be given in one State to the judicial record proceedings of another State, the certificate was made by the deputy clerk of the court in the name of the clerk, thus, "F. M. Stacy, Clerk of the District Court. By W. E. Morrow, deputy." The act of Congress requires that the clerk shall make the certificate. This means that the clerk *himself* shall do so, and not by or through his deputy. [Murdock v. Hillyer, 45 Mo. App. 287; Morris v. Patchin, 24 N. Y. 394; Flint v. Noyes, 27 Kansas 351; Railway Co. v. Cutter, 19 Kansas 83.] In the latter case the certificate was made by the deputy in the name of the clerk, but in an opinion by Judge BREWER it was held to be insufficient. It is true that our statute, and if it be assumed that the statute of Iowa also, makes the acts of the deputy in the name of his principal the acts of his principal. Yet the validity of the certificate of a foreign record does not depend upon State laws. The State does not give authority to the clerk. The clerk derives his authority from the law of Congress and not the law of the State.

The record not being admissible for any purpose, the objection made by defendant's counsel was compre-

hensive and broad enough to preserve the point for review in this court. The judgment is reversed and the cause is remanded. All concur.

