## STATE OF MISSOURI, Respondent, v. JOHN O'KELLEY, Appellant.

### Springfield Court of Appeals, May 8, 1911.

1. **CRIMINAL LAW: Local Option Law Violations: Evidence Showing Adoption of Law.** In prosecutions for violating the Local Option Law to establish prima facie that the law has been adopted, it is sufficient for the state to introduce the record of the county court showing the result of the local option election, and the order of the county court for the publication of the result of such election.

2. **————: ————: Overcoming Prima Facie Showing That Law Has Been Adopted.** To overcome the prima facie showing on the part of the state that the Local Option Law has been adopted, it is not sufficient to show that on a certain page of the county court record appears an incomplete and defective order, calling the election, without further showing that this was the only record made by the court relating to that matter.

3. **WITNESSES: Criminal Law: Reputation: Instruction.** When the general reputation of the defendant for truth and veracity in the neighborhood where he lives is properly put in issue by evidence offered to sustain the same, the defendant is then enttled to an instruction on that question. But where there was no proof that the witnesses who testified were acquainted with defendant's general reputation, and the evidence failed to show that defendant's reputation for truthfulness was good, it was not error on the part of the court to refuse to given an instruction as to such reputation.

Appeal from Dade Circuit Court.—*Hon. B. G. Thurman,*
Judge.

AFFIRMED.

*Howard Ragsdale* and *T. J. Delaney* for appellant.

*Edwin Frieze* for respondent.

NIXON, P. J.—The defendant was prosecuted in Dade county, Missouri, by information in which he was

charged with having violated the Local Option Law. On trial before a jury, he was convicted and his punishment assessed, a fine of $300 from which he has duly appealed.

Only two grounds of error are assigned, (1) that the court erred in instructing the jury that under the evidence in this case what is known as the Local Option Law was in force in the said county of Dade during the month of October, 1909, at the time the offense was charged to have been committed; (2) the failure of the trial court to give an instruction as to defendant's general reputation for truth and veracity.

As to the first ground of complaint, the court instructed the jury that under the evidence the Local Option Law had been adopted in Dade county. To sustain this contention, the State offered in evidence the record of the county court showing the result of the local option election and the order of the county court for the publication of the result of such election which was substantially the same as in the case of State v. Kimmell (this day decided) to which reference is made for further information. In the opinion delivered by Cox, J., in that case, the following conclusions were announced in this connection.

Under the repeated holdings in this state, this evidence made a prima facie case showing that the local option law had been adopted in Dade county. [State v. Searcy, 39 Mo. App. 393; State v. Foreman, 121 Mo. App. 502, 97 S. W. 269; State v. Oliphant, 128 Mo. App. 252, 107 S. W. 32; State v. Robertson, 142 Mo. App. 38, 125 S. W. 215; State v. Kennett, 132 S. W. 286.] In this case the state offered the record of the county court found in book 17 at page 59, and upon that page we find the record showing the presentation of the petition finding that it was signed by one-tenth of the qualified voters of the county who were qualified to vote for members of the Legislature. Then follows this provision: "It is, therefore, ordered by the court that a special elec-

tion be held in said county at the usual voting precincts therein at which general elections ———." It will be noticed that this record does not state the purpose for which the election is to be held, and does not provide that such election be held in said county at the usual voting precincts therein at which general elections *are held;* and appellant contends that this order is wholly insufficient to warrant the holding of an election under it. If it were shown that this was all the record made by the county court in relation to that matter, we should agree with defendant's contention that it is insufficient, but this showing was not made. The offer of the state is the record upon page 59 of book 17. They did not offer the order of the court. There is nothing in the offer of the state, nor in the extract from the record printed in the abstract to show that what is here stated in relation to the holding of the election is the entire order made by the court; nor is there anything to indicate that no other order was made.

When the state offered testimony showing the result of the election and the order of the court for the publication of the notice of the result of the election, it had made a prima facie case showing the adoption of the Local Option Law. This prima facie case must stand until evidence is offered to overthrow it. If the evidence offered does not overthrow it, then we think it immaterial as to who offers it, whether the state or defendant. The evidence which it may be contended overthrows the prima facie case made by the state can be given no greater force because offered by the state than could be given it had it been offered by the defendant. If the defendant had sought to show that the proper steps had not been taken in the calling of the election he would not only have been required to show the order of the court, but unless that order showed upon its face that it was complete within itself, and was the only order made in relation to the matter therein stated, it would have been the duty of the defendant to have gone farther and showed that

the record offered was, as a matter of fact, the only record made by the court relating to that matter.

In our view, the record offered does not show that the court did not, by order of record, designate the purpose for which the election was to be held, and name the day on which it was to be held. The record as read shows upon its fact that it was incomplete. The court might very properly have taken up a consideration of the sufficiency of the petition and determined that question and decided that it would order an election upon that petition and made the order as they did make it upon one day, and have left the question as to when the election should be held to be determined upon another day, and they might very properly have determined that question at another time and made another order of record, stating the purpose of the election and the day on which it was to be held. If they did not do this it would have been an easy matter when the county clerk, who is the custodian of the record, was on the stand to have asked him the question whether the record found on page 59 of book 17 was the only record made in relation to the calling of the election, and if it was the only record he could have very readily said so and that would have settled the question; but as no evidence of this kind was offered and the record of the court found on the page offered by the state does not show that it is the only record made in relation to that question, our conclusion is that the prima facie case made by the state as to the adoption of the law was not overthrown by the record found upon the page offered by the state. In this we are supported in principle by State v. Foreman, 121 Mo. App. 502, 508, 97 S. W. 269. In that case it was contended that the record of the county court should show that the court found the petition to have been signed by the requisite number of qualified voters who were qualified to vote for members of the Legislature. In discussing that question the court used this language: "We do not regard that it was necessary for the record of the

State v. O'Kelley.

county court to show how it ascertained the qualifications of the voters so long as it does not show they pursued an illegal method." So, in this case, after the state had made a prima facie showing that the Local Option Law had been adopted, the effect of that prima facie showing could not be overcome until it was shown that as a matter of fact some essential step had not been taken. See State v. Kimmell, supra.

The proceedings of the county court as shown by their records introduced in evidence show the proper canvass of the local option election votes cast in Dade county at the election held on the 16th day of September, 1907; that there was cast at said election 2170 votes in all; that there was cast 1344 votes against the sale of intoxicating liquors, and 826 votes for the sale of intoxicating liquors, and that the majority against the sale of intoxicating liquors was 518. Also, it was ordered by the court that the clerk should cause the result of said election to be published once a week for four consecutive weeks in the Dade County *Journal* and the Dade County *Advocate*, which were the same papers in which the notice of the election was published.

The second ground of error assigned by appellant is that the trial court failed to give an instruction as to defendant's general reputation for truth and veracity. The evidence on which it is claimed that defendant was entitled to such an instruction is as follows: George Wilson, a witness for the state, was asked as to defendant's general reputation in the city of Everton for morality and he answered that it was bad—bad in the sense of being a law violator. On cross-examination he was asked: "What do you think about defendant's truthfulness? A. So far as I know I have nothing to say about his truthfulness." J. C. Wright was then called as a witness for the state. "Q. Are you acquainted with the general reputation the defendant bears in the city of Everton for morality? A. Well, to a certain extent, I am. Q. What is it, good or bad?

A. Well, not right good. Cross-examination: "Q. What do you say about his reputation for being truthful? A. So far as I know it is good; I couldn't say."

Under this evidence it is claimed that there was such a showing of the general reputation of the defendant for truthfulness that it was the duty of the court to instruct on the character of the defendant whether requested so to do by the defendant or not. When the general reputation of the defendant for truth and veracity in the neighborhood where he lives is properly put in issue by evidence offered to sustain the same, the defendant is then entitled to an instruction on that question. But an examination of the evidence in this case wholly fails to show that the defendant's general reputation in the neighborhood in which he lived was good for truthfulness. There is no proof that the witness was acquainted with defendant's general reputation. Until such showing was made it was not error on the part of the court to refuse to give an instruction as to such reputation.

Finding no error in this record, the judgment is affirmed. All concur.