WHORTON et al., Respondents, v. BAGER, Mayor, et al., Appellants.

(153 N. W. 961.)

(File No. 3865.   Opinion filed September 9, 1915.)

**Elections—Liquor License Election, Validity—"Special Election"—Election Notice by City Auditor, Authority.**

A notice of a city election submitting to electors question of sale of intoxicating liquors, given solely by the city auditor upon his own initiative without authority from the city council, or any action on its part, is beyond the power of that officer, under Pol. Code, Secs. 1244-1246, defining his powers and duties; Sec. 2856, as amended by Laws 1913, Ch. 254, requires filing of a petition for submission of such question to be filed with the city auditor, but he is not made arbiter of its sufficiency, nor authorized of his own motion to give the notice;

Sec. 1910, as amended by Laws 1905, Ch. 72, provides that questions to be submitted to people of a municipality shall be advertised as provided for nominees for office at such election; Sec. 1284 provides for annual election of various officers at places designated by city council, on ten days' notice by council of time and place; and Sec. 1292 provides for special elections to be called and publicly noticed by the council. **Held**, further, that an election on petition, for submission of such question, was a "special election," although held at the same place and on the same date as that for the regular annual city election; and that the election held pursuant to said unauthorized notice by city auditor was invalid.

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Election contest by Daniel P. Whorton and others against Fred Bager, as Mayor of the City of Wolsey, and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

*Null & Royhl,* for Appellants.

*Gardner & Churchill,* for Respondents.

Appellants cited: State v. Gregory, (S. D.) 127 N. W. 733; Pol. Code, Secs. 1910, 1907; 15 Cyc. 320.

Respondents cited: Pol. Code, Sec. 1284; 15 Cyc. 320; State v. Gregory, 26 S. D. 13; Guernsey v. McHally, (Ore.) 98 Pac. 158; Marsden v. Harlock, (Ore.) 85 Pac. 328, 120 Am. St. Rep. 786; Snowball v. People, (Ill.) 35 N. E. 538; Sioux Falls Electric Co. v. City of Sioux Falls, 21 S. D. 18, and submitted that: The petition must be filed with the city auditor, and it then becomes the duty of some board or individual to pass on the sufficiency of the petition. That a local option election is a special election to be held only upon the filing of a proper petition. Whether or not such a petition has been filed must be determined by the city council, and having determined that it has been, the city council shall give notice of the election.

GATES, J. This is an appeal from a decision in an election contest. The question involved is whether the election held at the city of Wolsey, S. D., on April 20, 1915, which resulted in favor of the sale of intoxicating liquors in said city, was a legal election. The trial court pronounced the election illegal and found facts in substance as follows:

That on March 16, 1915, a petition signed by 32 persons, ad-

dressed to the city council of the city of Wolsey, a city of the third class organized under chapter 14, Pol. Code, was filed with the city auditor, asking to have the question of the sale of intoxicating liquors submitted to the voters of the said city at said election; that five of said signers were disqualified, by reason of being members of the city council; that three others of said signers were not legal freeholder voters; that three others of said signers were not qualified electors; and that two others of said signers withdrew their names from said petition after it was filed, but more than 30 days prior to the date of the election, thus leaving only 19 qualified signers. Finding X is as follows:

"X. That the city council of said city of Wolsey did not order said purported election to be held, or cause the same to be done, or designate the place or places at which said election should be held, or give notice of the time and place of holding such election, or cause the same to be done, or take any action whatever in the calling, holding, or giving notice of said purported election, and the said city council did not consider, pass upon, or make any determination as to the sufficiency of said petition, or the number and qualification of the signers thereto."

We do not deem it necessary to determine the questions as to the qualifications of any of the above signers, nor as to whether the purported withdrawals were in fact such. Even if there had been a legal petition on file, with 25 signers, as required by statute, the election must be pronounced invalid upon the grounds set forth in finding X, supra. The notice of said election was given solely by the city auditor upon his own initiative, and without any authority from the city council or any action on its part whatever. While it is true that by section 2856, Pol. Code, as amended by chapter 254, Laws 1913, the petition requesting the submission of the question of the sale of intoxicating liquors is to be filed with the city auditor, such auditor is not made the arbiter of the sufficiency of the petition, nor is he authorized of his own motion to give notice that the question will be voted on. Section 1910, Pol. Code, as amended by chapter 72, Laws 1905, provides in part as follows:

"Questions to be submitted to the people of a county or municipality shall be advertised as provided for nominees for office at said election."

Section 1284, Pol. Code, prior to the amendment by chapter 115, Laws 1915, which amendment was not in effect at the time of holding this election, provided as follows; the italics being ours:

"There shall be an annual election for electing officers herein provided held on the third Tuesday of April of each and every year at such place or places in each ward as the *council shall designate,* * * * and ten days previous notice *shall be given by the council* of the time and place of holding such election by publication in at least two of the city papers published in said city if two shall be published therein."

Section 1292, Pol. Code, provides:

"* * * The city council * * * in all cases necessary for the purpose of this article may call special elections, appointing judges therefor, canvass the returns thereof, and provide by ordinance the mode of conducting the same, and *shall give notice* of such special elections, in which it shall be stated the questions to be voted upon, and *cause such notices to be published* for the same length of time, and in the same manner as is required in the case of regular annual elections in such city."

It may also be observed that article 7, chapter 15, Pol. Code, being sections 1244-1246, defining the powers and duties of the city auditor, does not confer upon him any power to call an election. Nor can we find any such power, except in the case of a referendum election hereinafter referred to. In State ex rel. Ketterling v. Gregory, 26 S. D. 13, 127 N. W. 733, Ann. Cas. 1913A, 40, in the opinion by Judge Whiting, concurred in by a majority of the court, it was intimated that the township clerk might have been the one upon whom the duty rested of calling the election in question; but it is provided by section 1010, Pol. Code, that in the case of special town meetings the township clerk shall give the notice thereof.

Now, while the election upon the question of the sale of intoxicating liquors is, when petitioned for, to be held at the same time and place as the regular annual city election, and can be held at no other time, the election, so far as it relates to such question of the sale of intoxicating liquors, is a special election. It is not held unless petitioned for. The question must be submitted upon a separate ballot. It is as much a special election

as it would be if held at another time than the regular annual election. It is as much a special election as one would be at which the question of the issuance of municipal bonds is to be voted on. A similar question arose in Oregon in Marsden v. Harlocker, 48 Or. 90, 85 Pac. 328, 120 Am. St. Rep. 786, wherein the court, after reviewing the decisions of the courts of several states, said:

"If by operation of law the election invariably occurs at stated intervals, without any superinducing cause, except the efflux of time, the election is general, in which case all qualified persons are presumed to have knowledge thereof; and hence the failure of any officer or person upon whom the duty devolves to give a prescribed notice does not invalidate the votes cast thereat. Where, however, some local project may be initiated by petition or other means, an election to determine whether such proposition shall be adopted is special, and the electors cannot be presumed to have knowledge of an application of the power which calls for the necessity of exercising the electoral franchise, in which instance a compliance with all the statutory requirements in respect to the performance of the conditions precedent is mandatory in order to validate the election."

To the same effect is the decision in Guernsey v. McHaley, 52 Or. 555, 98 Pac. 158. See, also, State ex rel. Davis v. Baldwin, 109 Mo. App. 573, 83 S. W. 266. In State ex rel. Hunt v. Tausick, 64 Wash. 69, 116 Pac. 651, 35 L. R. A. (N. S.) 802, we find the following:

"Any election which is not regularly held for the election of officers, or for some other purpose which shall come before the electors at regular fixed intervals, is necessarily a special election."

In South Dakota the question of the sale of intoxicating liquors can only be voted upon at regular fixed intervals; but it is not voted upon at such regular fixed intervals, unless a petition has been filed requesting it. It is as important that the electors be lawfully informed that the question is to be submitted at the annual city election as it would be that they be informed of a proposed election to vote bonds at that time or at any other time. In Sioux Falls Electric Light & Power Co. v. City of Sioux Falls, 21 S. D. 18, 108 N. W. 488, a referendum election had been called *by the city council,* pursuant to a petition filed,

in spite of the fact that in such case the statute (section 1218, Pol. Code) provided that the *city auditor should call the election.* Such election was held to be without authority of law and void. Thereof this court said:

"The action of the city council, therefore, in attempting by an ordinance to submit its former resolution and contract to a vote of the electors, was clearly without authority and in excess of its jurisdiction, as the power to submit a law, ordinance, or resolution which has been passed or adopted by the council is, as before stated, vested in the city auditor, and not in the city council."

In said opinion this court quoted with approval the following from 10 Am. & Eng. Ency. of Law, 2d Ed.:

"An election held without affirmative constitutional or statutory authority will be invalid, notwithstanding a unanimous vote may be cast in favor of the particular question submitted or in favor of a particular officer."

We are therefore of the opinion that said election, so far as it relates to the question of the sale of intoxicating liquors, was a nullity. That being so, the judgment appealed from must be, and it is, affirmed.