SALES, Plaintiff, v. McKEE, et al, Defendants

(3 .N. W.2d 120.)

(File No. 8548.   Opinion filed March 28, 1942.)

Tom Kirby, Louis H. Smith, and Blaine Simons, all of Sioux Falls, for Plaintiff.

**Roy D. Burns,** City Atty., of Sioux Falls, for Defendants.
**R. W. Parliman,** of Sioux Falls, amicus curiae.

RUDOLPH, P. J. Honorable Ransom L. Gibbs, Judge of the Municipal Court of the City of Sioux Falls, died on the 11th day of March, 1942. By resolution dated the 12th day of March, 1942, the Board of Commissioners of the City of Sioux Falls appointed C. J. Delbridge to fill the vacancy caused by the death of Judge Gibbs until "the next succeeding annual municipal election to be held on the third Tuesday in April, 1942."

The plaintiff, in this proceeding, seeks to have the Board of Commissioners of the City of Sioux Falls prohibited from holding an election on the third Tuesday in April, 1942, for the election of a municipal judge of the City of Sioux Falls.

■ SDC 32.0704, which relates to the filling of a vacancy in the office of a Judge of the Municipal Court, provides in part as follows: "A vacancy in the office of such judge shall be filled by the governing body until the next succeeding annual election, when a judge shall be elected for a term of four years, commencing on the first Monday of the month following such election." We think it clear under the provisions of this section of our Code that the vacancy in the office of Judge of the Municipal Court of the City of Sioux Falls, created by the death of Judge Gibbs, extended only to the next succeeding annual election and that a vacancy in the office does not exist throughout the term for which Judge Gibbs was elected, which does not expire until 1943. While the legislature has provided in the first paragraph of the said section 32.0704 that the term of the Municipal Judge shall be four years, it has qualified such provision by the second paragraph, which provides that in case of a vacancy in the office before the expiration of the four year term, a new term shall commence on the first Monday of the month following the first annual election after the vacancy occurs. In this respect, this law differs materially from the provisions of SDC 48.01 which relate to the filling of vacancies in various other offices. Under the provisions of SDC 48.01 the vacancy extends throughout the unexpired

term of the officer, which vacancy is filled by appointment "until the next general election" at which time the law provides for a successor to be elected to fill the unexpired term. However, as pointed out above and repeated here, simply that our position may be made clear, the Code section with which we are dealing provides for the election of a Judge for a new term, not for the unexpired portion of the four years for which the prior judge had been elected. In other words on the first Monday of the month following the first annual election which occurs after a vacancy in the office of the Judge of the Municipal Court, the law provides that there shall commence a new and different term of office than that held by the prior incumbent. It follows, therefore, that at the annual election succeeding the time when the vacancy occurs the voters are not called upon to vote upon the question of filling a vacancy, but they are called upon to elect a Judge for a new term of office, created under the provisions of this Statute. We are not concerned, therefore, in this proceeding, with statutes, constitutional provisions, or cases dealing with elections to fill vacancies. The only vacancy existing after the death of Judge Gibbs continues until the next succeeding annual election. That vacancy has been filled by an appointment by the City Commission and no one is here questioning that appointment.

SDC 45.1301, as amended by Ch. 196, Laws 1941, provides as follows:

"In every municipality an annual election for the election of officers shall be held on the third Tuesday of April of each year. * *· *

"No election shall be held in any municipality, * * * wherein there is no question to be submitted to the electors or wherein there are no opposing candidates for any office; in case there are no opposing candidates the auditor or clerk shall issue certificates of election to the nominees, if any, in the same manner as to successful candidates after election."

It was agreed at the oral argument in this case that there was no member of the City Commission to be elected in Sioux Falls at the annual election in 1942. Plaintiff con-

tends that under SDC 45.1102 the mayor and aldermen or members of the Board of Commissioners and two city justices of the peace are the only officers elected at an annual municipal election. That it follows, there being no member of the City Commission to be elected, that no officer is to be elected in Sioux Falls in 1942, within the meaning of SDC 45.1301 and therefore there is no annual election in 1942, at which a municipal judge can be elected. With this contention we are unable to agree. This Code section, SDC 45.1102, simply provides that these named officers shall be elected at the annual election "in case no municipal court is established" in the city, thereby clearly implying that if a municipal court is established there shall also be elected at the annual election a municipal judge as provided in SDC 32.0704.

It appears without dispute that there are opposing candidates for the office of Judge of the Municipal Court for the new term which is to commence under the provision of SDC 32.0704 on the first Monday following the annual election. We are of the opinion, therefore, that there are opposing candidates for office within the meaning of SDC 45.1301, and that under this Code section an annual election must be held in 1942. Whether the judge of the Municipal Court is a municipal officer is not material and need not be determined in this case. In any event, he is an officer which the law provides shall be elected at the annual municipal election, and an officer within the meaning of SDC 45.1301, as amended. This view disposes of plaintiff's contention based upon the case of Whorton et al. v. Bager et al., 36 S. D. 167, 153 N. W. 961.

A judgment will be entered quashing the alternative writ issued herein, and dismissing these proceedings. No costs will be taxed.

All the Judges concur.