Shyrl **CORBLY**, Plaintiff and Appellant,

v.

**CITY OF COLTON,** Linda Westberg as Finance Officer, L. A. Sandell, Mayor, Del Van Dyan, Duane McMahon, LeRoy Koopman, Jim DeKrey, Delmar Klassen, Ike Van Liere, as Members of the Colton City Council, Defendants and Respondents.

No. 12459.

Supreme Court of South Dakota.

Submitted on Briefs March 19, 1979.

Decided May 3, 1979.

Patrick J. Kane of Kean & Kane, Sioux Falls, for plaintiff and appellant.

Laird N. Rasmussen of Dana, Golden, Moore & Rasmussen, Sioux Falls, for defendants and respondents.

FOSHEIM, Justice.

This case involves an attempt to refer a planning and zoning ordinance of the City of Colton (City). The City finance officer refused, on advice of the City attorney, to conduct the election. Appellant, Shyrl Corbly, by this proceeding sought a writ of mandamus to force the election. The trial court refused the writ, and Mrs. Corbly has appealed. We affirm.

The Colton City Council adopted a comprehensive planning and zoning ordinance on March 16, 1977. Notice of adoption of this ordinance was published in the Sioux Falls Argus Leader, a legal newspaper for the City of Colton, on March 22, 1977, and April 18, 1977.

■ Shyrl Corbly circulated a petition, for the purpose of referring the ordinance to a vote of the electorate. She brought the petition to the City offices on April 6. Although she knew that the petition had to be "verified," she was apparently unaware of what that meant. Linda Westberg, City finance officer, and Mayor Lloyd A. Sandell were present when Mrs. Corbly arrived at the City offices. Appellant testified she asked Westberg and the Mayor to verify the petition. Westberg was unaware of what verify meant, but the Mayor said it meant checking signatures against the poll book in order to determine whether the signers were registered voters. This was, of course, in error. Verification, as used in connection with referendum petitions, means the swearing under oath by the circulator that he or she has personally circulated the petition and attests to the validity of the signatures. *See Nist v. Herseth*, S.D., 270 N.W.2d 565 (1978). The Mayor was unable to find the poll book, and purportedly left for Sioux Falls to get it. After he left, Mrs. Corbly told Mrs. Westberg again that she wanted the petition verified, and asked Mrs. Westberg to sign and date the petition. Mrs. Westberg did this, and added "no poll book." It is undisputed,

however, that Mrs. Corbly did not, prior to giving the petition to Mrs. Westberg, take any oath, either oral or written, concerning the validity of the signatures or the fact that she circulated the petition.

The issues presented by this appeal are: (1) Whether a referendum petition can be valid without a verifying affidavit of the circulator; and (2) whether Mrs. Westberg improperly refused to call an election after she "independently verified" the signatures.

■■ Requirements for circulation and verification of referendum petitions, whether statutory or administratively adopted, are substantial in character and not merely requirements of form. *Nist v. Herseth*, supra. See also *Headley v. Ostroot*, 76 S.D. 246, 76 N.W.2d 474 (1956), and cases cited therein. These requirements must, therefore, have been substantially complied with in order to render the petition valid. Although SDCL 2–1–11 states that the referendum statutes are to be liberally construed so as not to defeat the real intent of the petitioners on a mere technicality, referendum petitions which fail to meet the substantial requirements of statute or rule are invalid, since these requirements are for the purpose of insuring the integrity of the referendum process. *Nist v. Herseth*, supra.

Appellant contends, however, that there were no such verification requirements at the time this petition was filed. The legislature had repealed former SDCL 2–1–10. 1976 S.D.Sess.L. ch. 105, § 79. This change became effective on January 1, 1977. 1976 S.D.Sess.L. ch. 105, § 80. The repealed section set out a required verification form; the new section requires the State Board of Elections (Board) to adopt such a form. The Board's form did not, however, become effective until April 10, 1977, four days after the present petition was filed. ARSD 5:02:08:08. Accordingly there was no verification form in effect at the time Mrs. Corbly presented her petition. There were, however, two statutes in effect by which the legislature required the petition to be verified, even though the Board had not

administratively specified an exact verification form. SDCL 9–20–9 provides:

Verification of referendum petition.— Such referendum petition shall be verified as a petition to initiate a law except that the person verifying the same shall state that he and each of the persons signing the same is a resident and qualified elector of the municipality, naming it.

The applicable version of SDCL 2–1–10 provides:

Affidavit of persons circulating initiative and referendum petitions.—Form. Every person who shall circulate and secure signatures to a petition to initiate or submit to the electors any law under the provisions of section 1, article III, of the Constitution, shall before filing said petition with the officer in whose office the same is by law required to be filed, make and attach to the petition an affidavit which shall be prescribed by the state board of elections.

■■ As we pointed out in *Nist v. Herseth*, supra, the purpose of this oath is to insure that the persons whose names appear on the petition did, in fact, sign it. SDCL 2–1–7 provides that the petition must be signed in person by the petitioners. In order for this to be meaningful, the circulator must personally witness each signature on a petition[1] and swear that he or she observed each signature. *Nist v. Herseth*, supra. Without such an oath, the City finance officer had no basis to believe that the signatures were properly collected or that the petition was valid.

■ Nor is the defect remedied by the City finance officer's "independent verification" of the signatures. She cannot substitute her evaluation of the signatures for the oath of the circulator. Although she may know that each signer is a resident of Colton, and may be able to determine that the subscribers are registered to vote, she cannot say from her personal knowledge that the petition was personally signed by those whose names appear on it. Neither can she say that the purported petitioners signed in her presence, since they obviously did not.

■ We have repeatedly held that the oath of the circulator attached to a referendum petition is a substantial requirement and that the petition is invalid without it. There is no circulator's oath of any kind on the petition in this case. *Nist v. Herseth*, supra; *Klaudt v. City of Menno*, 72 S.D. 1, 28 N.W.2d 876 (1947); *Sioux Falls Electric Light & P. Co. v. City of Sioux Falls*, 21 S.D. 18, 108 N.W. 488 (1906). We now reaffirm that position. Although no particular form of oath was required at the time that this petition was filed, the absence of an affidavit is more than a "mere technicality" within the provisions of SDCL 2–1–11.

■ Appellant also urges that Mrs. Westberg should have placed the ordinance on the ballot rather than turning the matter over to the City Council as she did. The City finance officer has the duty to call a special election when a proper petition is filed, and she may not abdicate her responsibility by turning the matter over to the City Council. *Sioux Falls Electric Light & P. Co. v. City of Sioux Falls*, supra. The petition must, however, fulfill all the requisites of a valid referendum petition before it can be the basis for calling an election. Whether Mrs. Westberg refused on her own, or after consulting with, and on the advice of others, is immaterial. Since the petition was insufficient as a matter of law, it could not support the calling of an election by any official.

The judgment is affirmed.

All the Justices concur.

---

1. *State v. Wells*, 66 S.D. 269, 281 N.W. 357 (1938); *State v. Wells*, 66 S.D. 236, 281 N.W. 99 (1938); and *Morford v. Pyle*, 53 S.D. 356, 220 N.W. 907 (1928).