ARCHIBALD P. HANCOCK, Respondent, v. THE CHICAGO & ALTON RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 8, 1908.

1. COMMON CARRIERS: Notice of Loss: Contract: Evidence. The provisions of a contract of affreightment in regard to notice is construed in connection with the evidence and the notice of loss given by the shipper is held to be sufficient.

2 ———: Contract: Consideration: Value of Animal. A shipping contract is examined and held to state no rate at which the shipment was made and that it was necessary for the shipper to show what the rate was and to prove that it was a reduced rate to constitute a consideration for the provision stating that the value of the horses should not exceed one hundred dollars each, though a reduced rate is a sufficient consideration. *Held*, further, that there was no defense of reduced rate made.

3. ———: ———: Instructions: Notice: Evidence. *Held*, an instruction is not subject to the criticism that it fails to submit the hypothesis of the notice, since that matter was conclusively settled by the evidence.

131 App.—26

Hancock v. Railroad.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis,* Judge.

AFFIRMED.

*Charles M. Miller, T. H. Harvey* and *Scarritt, Scarritt & Jones* for appellant.

(1) The trial court erred in overruling defendant's demurrer at the end of plaintiff's evidence, and defendant's peremptory instruction at the end of all the evidence, for the reason that in the contract of shipment in this case it was agreed that should any loss or damage of any kind occur to the property in question, the shipper would give notice in writing of his claim therefor to the first party. (2) Plaintiff gave no notice to the railway company of any claim for damages as provided in said contract. (3) It has been repeatedly held that a waiver, to be effective, must be made within the time limit of the contract for notice. Mensing v. Insurance Co., 36 Mo. App. 602; Maddox v. Insurance Co., 39 Mo. App. 198; Hamilton v. Railroad, 80 Mo. App. 597; Machine Co. v. Railroad, 70 Mo. 672; Pursley v. Morrison, 7 Ind. 356. (4) The court erred in refusing defendant's requested instruction number 1, as follows: "The court instructs the jury that in no event can plaintiff recover in this case more than one hundred dollars as damages to his horse in question." Wyrick v. Railroad, 74 Mo. App. 406; Bowering v. Railroad, 90 Mo. App. 324. (5) There was a reduced rate given to plaintiff in this case by reason of the limited value placed upon the horse. Hart v. Railroad, 112 U. S. 351; Bowering v. Railroad, 90 Mo. App. 324; Doan v. Railroad, 38 Mo. App. 420; Wyrick v. Railroad, 74 Mo. App. 406.

*L. W. Scott* and *D. D. Duggins* for respondent.

(1) The trial court did not err in overruling the defendant's demurrer at the close of plaintiff's case, and in overruling defendant's peremptory instruction at the close of all the evidence. The demurrer and peremptory instruction were asked upon the theory that no written notice of claim for damages was made within five days after unloading the horse. (2) Such clauses in contracts are a limitation upon defendant's common law liability, and should be reasonably construed in their application to each case as it arises. Richardson v. Railroad, 62 Mo. App. 1; Ward v. Railroad, 58 Mo. 237; Bank v. Railroad, 119 Mo. App. 1; McFall v. Railroad, 117 Mo. App. 485. (3) There was a waiver of notice by the defendant. The defendant received the claim, shipping contract and power of attorney, and kept possession of these papers about three months without any objection. A waiver may occur as well after as before the time expired. Livery Co. v. Railroad, 113 Mo. App. 158; Summers v. Railroad, 114 Mo. App. 458; Ingwerson v. Railroad, 116 Mo. App. 150; Funk v. Insurance Co., 60 Mo. App. 673; Loeb v. Insurance Co., 99 Mo. 59. (4) There was no evidence whatever tending to show any consideration in the contract limiting the value of the horse at $100. The answer fails to state the tariff rate. The contract does not give it, and there was absolutely no evidence whatever as to the tariff rate. Livery Co. v. Railroad, 113 Mo. App. 154; Bank v. Railroad, 119 Mo. App. 17. (5) The burden of proving a fact is on the party who asserts it. Glover v. Henderson, 120 Mo. 367; Feurt v. Ambrose, 34 Mo. App. 366; Meyers v. Railroad, 120 Mo. App. 298; Scoop v. Railroad, 117 Mo. App. 210.

ELLISON, J.—This action is for damages alleged to have resulted to plaintiff from injury to a valuable horse through the negligence of defendant in trans-

porting him.    There was evidence tending to show the
horse to have been injured through the negligence of
the defendant's servants and he recovered a judgment
for three hundred and fifty dollars.    The shipment was
by written agreement wherein it was provided that in
case of loss to plaintiff he should give written notice
to defendant within five days.    There were also pro-
visions therein relating to the value of the horse not
exceeding one hundred dollars.    These are the prin-
cipal questions in the case.

The contract in regard to notice reads as follows:
"Eleventh.—The    second    party    further    agrees    that
should any loss or damage of any kind occur to the prop-
erty specified in this contract, the second party shall,
within five days after the live stock in question has
been unloaded, give notice in writing of his claim there-
for to the first party, . . . If the property is con-
signed to or in care of any stock yards or stock com-
pany, or other live stock market place, then such no-
tice shall be given before the stock shall have been re-
moved from said yards or mingled with any other stock,
to the live stock agent placed at said yards, or to the
general freight agent of said first party, or to the freight
agent of first party nearest to said yards or market
place. . . ."    The first clause of this contract fails
to designate the particular agent of the defendant cor-
poration to whom the notice must be given.    The next
clause requires it to be given to the agent at stock yards
or the general freight agent if the stock was consigned
in care of any stock yards or "other live stock market
place."    The animal in controversy was not so con-
signed, and we need only see if proper notice was given
to defendant in the meaning of the contract.

There was evidence tending to prove that within
five days plaintiff wrote to G. B. Simpson, defendant's
agent at Kansas City, and informed him of the injury

to his horse.   He addressed the letter to Simpson as general freight agent and directed it to defendant's ticket and freight office.   Plaintiff stated in testimony that he understood Simpson to be general freight agent. He said "That was my understanding, but I would not swear he was the general freight agent."   He further said that he knew Simpson was connected with the freight department.   Shortly after writing to Simpson plaintiff applied to Mr. Fish, who was defendant's division freight agent at Marshall, Mo., where plaintiff lived, and received from him directions what to do in regard to papers pertaining to the claim, requesting him to hand him (the agent) such papers.   This plaintiff did and defendant held the papers for more than a year and had them near three months before this action was instituted.   They were finally produced on plaintiff's giving notice to defendant to produce them.   It seems that Fish was transferred to Peoria, Illinois, and that plaintiff's attorney wrote him at that place, receiving the following reply:   "Beg to acknowledge receipt of your favor of 17th, relative to Mr. Hancock's claim.   Mr. B. H. Helm, District Freight Agent, St. Louis, now has charge of freight claims in Missouri and I will refer your letter to him with request that claim be handled promptly."   Shortly afterwards Mr. Helm came to Marshall to see about the claim.

We entertain no doubt that the foregoing shows a sufficient compliance with the contract for notice.   The character of the evidence was such (it not being controverted by defendant) as to conclusively show a compliance; it going outside the bounds of reason to hold otherwise.   [Ward v. Railroad, 158 Mo. 226; Richardson v. Railroad, 62 Mo. App. 1, s. c. 149 Mo. 311.]

That part of the contract fixing one hundred dollars as the value of the horse is said by plaintiff to be without consideration.   Defendant claims the consideration was a reduced rate of freight for such animal.

The contract contained the following provisions: "That for the considerations and mutual agreements and conditions herein contained, the party of the first part will transport for the party of the second part the live stock described below: One car, said to contain 9 head of Horses from Bowling Green, Mo., Station to Higbee Station, consigned to Jno. T. Hook at the rate of Trf. per cwt. said rate being less than the rate charged for transportation of such cattle at carrier's risk or when the valuation is declared to be greater than that given below, subject, however, to the following terms and conditions: First, The second party agrees that prior to the execution of this contract he demanded to be advised of the rates charged by the first party for the carriage of said animals, as aforesaid, and thereupon was offered by the said Railway Company alternative rates proportioned to the value of the said animals such value to be fixed and declared by the second party, or his agent, and that such alternative rates are made in pursuance of the provisions relating thereto of the classification of freight adopted as regulations by the said Railway Company; and fully set forth as follows, to-wit: 'Live Stock.—Ratings given above are based upon valuations declared by shippers, not exceeding the following: Each Horse, . . . $100. . . . When the declared value exceeds the above, an addition of twenty-five per cent will be made to the rate for each one hundred per cent or fraction thereof, of additional declared valuation per head." Said alternative rates are fully shown in and upon the regular tariffs and classifications printed, published and posted by said company as required by law, and said second party has voluntarily chosen the rates therein provided, for, and voluntarily agreed that the cattle should be transported at the owner's risk. Second.— The second party further hereby agrees and declares

said animals to be of the value as follows, to-wit: Each Horse, Value, $100."

A reduced rate of freight is a sufficient consideration to support an agreement for an agreed valuation of such freight in case of loss.    [McFaddin v. Railroad, 92 Mo. 343; Duvenick v. Railroad, 57 Mo. App. 550.] And when the contract recites that a certain named rate is a reduced rate it will be accepted prima facie as stated.

But in this case there is no rate named in the contract as a reduced rate.    The expression is used as "at the rate of Trf. per cwt."    If this be interpreted as at the tariff rate per hundred pounds, it still is not a named rate, for there is nothing in the case to show what was the tariff rate.    It will be noticed that the contract, as it relates to animals, reads "Live Stock:—Rating given *above* are based upon valuation given by shipper." In fact no rating was given above or elsewhere in the contract.    It will be further noticed that after giving the value of the horse at $100, the contract then provides that when the declared value exceeds the above, an advance of twenty-five per cent will be made to the rate for each one hundred per cent of additional valuation. But no rate was given and therefore there was nothing upon which to found this provision.    If it be said that these provisions can be made to rest upon that part of the contract quoted which declares that the rates are shown in the regular tariffs and classifications posted by the defendant, we answer that there was no evidence of such tariffs being posted.

Besides this, the foregoing reference to "rate of Trf. per cwt." (tariff per hundredweight) cannot be made to apply to the shipment in question, since such shipment was of an animal shipped as such, without regard to weight.    The truth doubtless is, that a general blank freight contract has been used, and proper and sufficient changes therein have not been made to

make it apply to the shipment of a horse at an agreed valuation in such way as to enable defendant to maintain the points now urged against the judgment. Furthermore we are of the opinion that a defense was not made of reduced rate of freight under the authority of Kellerman v. Railroad, 136 Mo. 177; Ward v. Railroad, 158 Mo. 226; Livery Co. v. Railroad, 113 Mo. App. 144; Farmers Bank v. Railroad, 119 Mo. App. 1.

Defendant makes some technical objection to two instructions for plaintiff. It is claimed that instruction No. 1 purports to cover the whole case and to direct a verdict and yet omits the hypothesis of notice. But we regard all question on that head to have been so conclusively settled by the evidence that a verdict based on a want of notice would not have been permitted to stand. The objection to instruction number 3 is hypercritical and would not justify a reversal of the cause.

There is no error in the trial which would justify a reversal of the judgment, and it is accordingly affirmed. All concur.