E. R. WILCOX, Respondent, v. CHICAGO GREAT WESTERN RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 1, 1909.

1. COMMON CARRIERS: Value of Goods: Reduced Rate: Defense.　A carrier's defense for the loss of a mule was that it was only liable under the written contract of shipment for one hundred dollars as agreed therein on the consideration of a reduced rate of seven cents per 100. *Held*, the contract fails to support the defense, since it does not show a reduced rate and the animals were not shipped by weight but otherwise; and the contract as to the rate is indefinite and uncertain, being a printed form with the blanks negligently filled.

135 App—13

2. ———: ———: ———: ———: **Consideration.** In this State contracts fixing a specified valuation of the property shipped, if less than the real value, must be based on a consideration, such as, for instance a reduced rate of freight, or such stipulation of value is of no effect.

3. ———: ———: ———: ———: ———. Whether, where there is no reduced rate agreed to, a shipper when a specified valuation has been agreed upon, should be allowed, after loss occurs, to recover a greater value, is suggested by the writer of the opinion.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune,* Judge.

AFFIRMED.

*Frank Hagerman, Inghram D. Hook* and *Kimbrough Stone* for appellant.

(1) The contract of shipment itself recites that the given rate is in consideration of an agreed valuation and that there is a different and higher rate where no valuation is given. Such is a legal contract and where signed, as in this instance by the parties, is *prima facie* evidence of the truth of the statements therein. Hancock v. Railway, 111 S. W. 519; Cable Co. v. Rothgaber, 113 N. W. 88; Railway v. Greer, 58 S. E. 782. (2) Nor does it follow that because the rate charged in a given contract is the same rate charged everybody who ships under like contracts it is not a reduced rate. If the carrier have in force and for practical operation a higher rate for shipments made without contracts for release, than the rate charged in the given contract containing a release, then the given contract has a sufficient consideration to support the release when the reduced rate is given in view of the release. Duvenick v. Railroad, 57 Mo. App. 550; Powder Co. v. Railroad, 101 Mo. App. 442.

*House & Munard* for respondent.

(1) The contract was properly excluded from consideration by the jury because the schedule of rates was not posted in the station at Dearborn. Railroad v. Sloop, 200 Mo. 198; Meyers v. Railroad, 120 Mo. App. 288; Hancock v. Railroad, 111 S. W. 519; Griffin v. Railway, 115 Mo. App. 549; Thompson, Payne & Co. v. Irwin, Allen & Co., 76 Mo. App. 418; Bradley v. Insurance Co., 90 Mo. App. 349; City v. Gold, 91 Mo. App. 32; Butts v. Long, 94 Mo. App. 687; Trustees v. Hoffman, 95 Mo. App. 488; Steele v. Johnson, 96 Mo. App. 147; Gebhardt v. Transit Co., 97 Mo. App. 373; Williams v. Railroad, 106 Mo. App. 61; Lee v. Railroad, 107 Mo. App. 372; State ex rel. v. Road Co., 116 Mo. App. 175. (2) The contract is void on its face. Because it does not provide for a reduced rate of freight. Ficklin v. Railroad, 117 Mo. App. 221; Sloop v. Railroad, 117 Mo. App. 204; Kellerman v. Railroad, 136 Mo. 177; Kellerman v. Railroad, 68 Mo. App. 255. (3) The contract is void because it does not give the shipper the option to ship under a non-release contract. Ficklin v. Railroad, 117 Mo. App. 221; Paddock v. Railroad, 155 Mo. 226; Duvenick v. Railroad, 57 Mo. App. 550. (4) The contract is void because it does not fix the value of the animals at a liquidated sum. Doan v. Railroad, 38 Mo. App. 408; Kellerman v. Railroad, 68 Mo. App. 255; Kellerman v. Railroad, 136 Mo. 177; Livery Co. v. Railroad, 113 Mo. App. 144. (5) The contract does not state the value of the animals shipped. Kellerman v. Railroad, 136 Mo. 177; Livery Co. v. Railroad, 113 Mo. App. 144; Hancock v. Railway, 111 S. W. 519. (6) The contract does not apply to the shipment in question because the horses were shipped by the car and not by weight. Hancock v. Railway, 111 S. W. 519.

ELLISON, J.—Plaintiff shipped a number of mules to Kansas City, Missouri, over defendant's railway. One of these was killed, through defendant's negligence, and he brought this action for damages in the sum of one hundred and eighty-five dollars, for which he recovered judgment in the trial court.

The defendant relied upon a special written contract of shipment wherein it claims that, in consideration of a reduced rate of freight, the mule was valued at $100, and that it was agreed that in case of loss the defendant should not be liable for a greater amount than that sum. · The provisions of this contract are as follows:

"2. The rates provided in the tariffs of the carrier and the rate given above are based upon the following values of animals' names, to-wit: Each horse or pony (gelding, mare or stallion), mule or jack, $100; each ox, bull or steer, $50; each cow, $30; each hog or calf, $10; each sheep or goat, $3.

"3. Where the value declared herein by the shipper exceeds the value given in paragraph two above, an addition of twenty-five per cent to the rate will be made and collected for each one hundred per cent or fraction thereof additional declared value per head.

"4. In case of loss or damage to said animals the carrier shall not be liable in excess of said agreed and declared valuation upon each animal lost or damaged. . . ."

Preceding this stipulation was a statement that the rate of freight which was to be charged was seven cents per one hundred pounds, when in point of fact the animals were not shipped by weight, but as animals without regard to weight. No rate of charge is named in the contract; and the provision that for an animal of higher value a certain per cent greater rate than the rate given the shipper would be charged is meaningless, for the reason that no rate has been provided for. [Hancock v. Railway, 131 Mo. App. 401; 111 S.

W. 519.]   The contract in this case, like that in the case just cited, shows that it has been carelessly drawn on a printed blank form and there have not been sufficient changes made in such form, nor sufficient filling of blanks, to make it accomplish the purpose sought to be given it by defendant in the argument.   In some respects it is unintelligible; as an instance, though the shipment was mules, it has "horses" filled in in the blank for "kind of animals"; and under the head of shipper's value, it has the blank filled with the character "$" and the letters "Trf."

Again, it seems to be the rule in this State that contracts fixing a specific valuation of the property shipped, if it turns out to be less than the real value, must be based on a consideration such as, for instance, a reduced rate of freight.   [McFaddin v. Railway, 92 Mo. 343.]   In this case a reduced rate was not given, nor was one provided for or mentioned in the contract, and for that reason, under the case cited, the stipulation for under-valuation was of no effect.

Under authority of that case like expressions have found their way into a number of decisions made since that was announced.   Speaking for myself alone, and without intending to bind the Court, I very much doubt whether when a specific valuation is agreed to, upon which a rate of freight is fixed, the shipper should be allowed, when a loss happens, to recover a greater value; and this without regard to there being a reduced rate.   The consideration of such an agreement is its mutuality.   The shipper says to the carrier—I have certain property of a certain value and I want it transported for a rate which will cover the risk of that value.   The carrier agrees to assume that risk for that rate.   It must be presumed that a less rate is charged for a less risk, and a greater rate for a greater risk. The justice of such a contract is too apparent to require comment.   Any other view would             to bring a package containing a jewel of

$1,000 to an express company, on which the charge for the risk of carriage would perhaps be five dollars, and state the value to be $1, on which the charge would be, and he would pay, say, ten cents, and, in case of loss, to recover the real value. Where there is an agreed definite valuation and a rate made on such amount, there is neither room nor necessity for a reduced rate. And so I find that in the leading case on this subject there was nothing mentioned or considered about a reduced rate. On the contrary, the court said that "The rate of freight is indissolubly bound up with the valuation. If the rate of freight was the only one offered, it was because it was a rate measured by the valuation expressed. If the valuation was fixed at that expressed, when the real value was larger, it was because the rate of freight named was measured by the low valuation. The plaintiff cannot claim a higher valuation on the agreed rate of freight." [Hart v. Railway, 112 U. S. 338.] And so in the leading case in this State (Harvey v. Railway, 74 Mo. 538), while the contract of shipment spoke of the rate as being a reduced rate, yet the court did not mention that fact as controlling or entering into its decision of the case.

Counsel discussed provisions of the interstate commerce law concerning the posting of rates of freight in depots, etc., but in view of our disposition of the case there is no necessity to go into that branch of it.

The judgment is affirmed. All concur.