## STATE OF MISSOURI, Respondent, v. WILLIAM ARMSTRONG, Appellant.

### Kansas City Court of Appeals, April 4, 1910.

1. **INTOXICATING LIQUORS: Local Option: Adoption.** Under the charter of cities of the third class and the provisions for a vote on the question of sale of intoxicating liquors, the submission of the proposition to the voters need not be directed by an ordinance; an order by the council, entered of record, is sufficient.

2. ———: ———: **Qualification of Voters.** It is not necessary that the order for the election shall specify the qualifications of the voters.

3. ———: ———: **Record of Council.** It is not necessary that the record of the council shall set out the notice for the election or that the law was adopted.

4. ———: ———: **Adoption: Question of Law.** Whether the law has been duly adopted is a question for the court and not for submission to the jury.

5. **CRIMINAL LAW: Continuance: Discretion of Court.** A continuance is largely in the discretion of the trial court.

State v. Armstrong.

Appeal from Saline Criminal Court.—*Hon. John A. Rich,* Judge.

AFFIRMED.

*Robert M. Reynolds* for appellant.

(1) The calling of a special election by the city of Marshall under the provisions of the Local Option Law, was never made as required by law, and all proceedings in that regard by said city are without authority of law and are therefore void. R. S. 1899, secs. 5832, 5834, 5772, 5833, 3028. (2) The order thus to be made could only be made by the mayor and council of the city of Marshall as the legislative body of said city, and in such capacity they can only speak by statute, or if by resolution, then a resolution passed and adopted with the same formalities as an ordinance, so as to make it differ from an ordinance in name only. Wheeler v. Poplar Bluff, 149 Mo. 36; Springfield to use v. Knott, 49 Mo. App. 617. (3) Where the statute provides for the mayor and council to do certain acts, such acts can not be done by either alone. Springfield to use v. Knott, 49 Mo. App. 617; Saxton v. Leach, 50 Mo. 488; Saxton v. St. Joseph, 60 Mo. 153. (4) It being a special election both the order and notice were required to substantially state the requirements of the statute. 6 Enc. Law (1 Ed.), p. 300.

*Joshua Barbee* for respondent.

ELLISON, J.—The defendant was convicted for selling intoxicating liquors in the city of Marshall contrary to the provisions of the local option statute, which, as is contended, had theretofore been adopted in said city.

Defendant challenges the legality of the adoption of the Local Option Law against the sale of intoxicat-

ing liquors. It appears that upon the presentation of a proper petition for submitting the question of adopting the law to a vote of the people, the city council did not adopt an ordinance calling an election, but made an order which was duly passed at a proper meeting and duly entered of record. Defendant contends that an ordinance or a formal resolution partaking of the nature of an ordinance, should have been passed and signed by the mayor. The statute (sec. 3028, Revised Statutes 1899) on this subject reads as follows: "Upon application by petition therefor, signed by one-tenth of the qualified voters of any incorporated city or town in this State having a population of twenty-five hundred inhabitants or more, to the body having legislative functions therein, such body shall order an election to be held in such city, to be voted at by the qualified voters thereof, and no others, to determine whether or not spirituous or intoxicating liquors shall be sold within the limits of such city or town. . . ."

We are of the opinion that an order for the election was all that was required and that the formality of an ordinance to be submitted to the mayor for his approval or veto, was not necessary. The statute uses the word "order," as distinguished from the word "ordinance" as used in the latter part of the section, not quoted above, referring to the taking of a census to ascertain the population. The point has been decided adversely to defendant's view in State ex rel. v. Allen, 178 Mo. 555, and O'Laughlin v. Kirkwood, 107 Mo. App. 302.

We do not find the provisions of the statute containing the charter for the city of Marshall and other cities of the third class in reference to the enactment of ordinances, etc., to in any way conflict with what we have said. Nor do we consider cases such as Wheeler v. Poplar Bluff, 149 Mo. 36, requiring formal ordinances for the paving of streets, to be passed, as applicable

State v. Armstrong.

to the procedure necessary to obtain a vote under the provisions of the Local Option Law.

It is insisted that the order for the election should have limited the right to vote to those persons who were legal voters. The idea back of this point seems to be that since the statute, as quoted above, reads that the election shall be voted at by the qualified voters, that it should have been so stated in the order. We think it not necessary. The statute requires the council to make the order for an election, and that part of it saying who could vote thereat is simply addressed to the qualification of voters who may vote at the election thus ordered.

Nor do we consider the point well made that the council should have formally set out on its record that the notice of election had been given as ordered. This matter has been frequently before the courts and ruled against defendant. [State v. Hutton, 39 Mo. App. 410; State v. Foreman, 121 Mo. App. 502; State v. Oliphant, 128 Mo. App. 252; State v. Bush, 136 Mo. App. 608.]

We also ruled against defendant on the point that the court should have submitted to the jury whether the Local Option Law was in force in the city of Marshall. That was a question of law for the court. [State v. Searcy, 39 Mo. App. 393; State v. Brown, 130 Mo. App. 214.]

Complaint is made that the court should have granted defendant a continuance asked for on the ground that defendant was in such nervous condition on account of treatment for the purpose of breaking the habit of drinking liquors, which has fastened upon him. The trial court heard the application with all attendant evidence in support thereof and on an examination of the record we can by no means say that that court abused its discretion in denying the continuance.

We find no cause which would justify our interference, and hence affirm the judgment. All concur.