# STATE OF MISSOURI, Respondent, v. ELMER KENNETT, Appellant.

### Springfield Court of Appeals, December 5, 1910.

1. **CRIMINAL LAW: Violating Local Option Law: Evidence: Physician's Prescription.** The only prescription which the statutes recognize. (Revised Statutes 1909, section 5781) is one that is issued by a "regularly registered and practicing physician." Hence, before a prescription is admissible as evidence in a criminal case for a violation of the Local Option Law, proof must be offered that the physician who issued it was duly registered.

2. ———: **Instructions: Comment on Evidence.** It was proper to refuse an instruction requested on the part of the defendant in a criminal case, to the effect that the testimony of

certain detectives, who had been employed for the purpose of discovering violations of the law, should be received with caution. Such an instruction was a comment on the testimony and improper.

3. ———: Violating Local Option Law: Question of Good Faith: Evidence: Harmless Error.  If the question of defendant's good faith in the illegal sale of intoxicating liquor is admissible at all, it could only be for the purpose of affecting the question of punishment, and where the defendant received the lowest penalty imposed by law for the offense, the exclusion of such testimony was not prejudicial.

4. ———: Local Option Election: Record Ordering Result of Election Published: Evidence: Prima Facie Case.  It has become a rule of practice in criminal cases for the state to show the record of the court ordering the publication of the notice of the result of the local option election, depending upon this to make a prima facie case, and leaving it to the defendant to show as a part of his defense, if it be true, that the notice was not as a matter of fact published.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston*, Judge.

AFFIRMED.

*W. Cloud* and *Joe French* for appellant.

*Archie L. Hilpirt*, Prosecuting Attorney, for respondent.

COX, J.—Defendant was convicted of a violation of the Local Option Law and has appealed. The first error assigned is that the court erred in refusing to admit in evidence a prescription offered by defendant. In offering the prescription it was shown that the doctor who issued it had been practicing medicine for thirty years, but it was not shown that he was a registered physician.  The only prescription which the statute recognized is one that is issued by a "regularly registered and practicing physician."  [Statute 1909, section 5781.]  Hence, before a prescription is admis-

sible proof must be offered that the physician who issued it was duly registered. [State v. Milliken, 24 Mo. App. 462.]

The witnesses for the state were two men who had been employed as detectives for the purpose of discovering violations of the Local Option Law. Defendant asked the court to instruct the jury that the testimony of such witnesses should be received with caution. This instruction was refused and is now assigned as error. The instruction was a comment upon the testimony and was, therefore, properly refused. [State v. Oliphant, 128 Mo. App. 252, 107 S. W. 32.]

It is contended that the court erred in refusing to permit defendant to testify as to his good faith in making the sale in this case. If such testimony were admissible at all, it could only be for the purpose of affecting the question of punishment and as the defendant in this case received the lowest penalty which the law imposes, to-wit: a fine of three hundred dollars, the exclusion of this testimony was not prejudicial.

It is finally insisted that the proof on the part of the state did not show that the Local Option Law had been adopted in Lawrence county. The state offered in evidence the record which showed the filing of the petition, calling of the election, casting up of the returns, and the order of the court that notice of the result of the election be published in the same paper in which the notice of election was published, but offered no testimony as to whether or not the notice had been, as a matter of fact, so published, and it is now contended by appellant that this evidence was not sufficient. It will be unnecessary for us to discuss this proposition in this case. It has been held in a number of cases in this state that such proof is sufficient, and it has now become a rule of practice in criminal cases for the state to show the record of the court ordering

the notice published, depending upon this to make a prima facie case, leaving it to the defendant to show as a part of his defense, if it be true, that the notice was not, as a matter of fact, published, and we do not feel disposed at this time to set aside this rule which now seems to have been so well established, and is so generally followed by the prosecuting attorneys of the state. Upon this question, see State v. Searcy, 39 Mo. App. 407; State v. Hutton, 39 Mo. App. 418; State v. Foreman, 121 Mo. App. 502, 97 S. W. 269; State v. Oliphant, 128 Mo. App. 259, 107 S. W. 32; State v. Bush, 136 Mo. App. 608, 118 S. W. 670. Under the authority of these cases we shall hold that the proof of the state was sufficient. Judgment affirmed. All concur.