STATE OF MISSOURI, Respondent, v. J. A. SNIDER, Appellant.

### Springfield Court of Appeals, February 6, 1911.

1. **CRIMINAL LAW: Violation of Local Option Law: Information: Instruction.** In a prosecution for violating the Local Option Law, the information and instructions are examined and approved. (Companion case to State v. Snider, 151 Mo. App. 699.)

2. **LOCAL OPTION ELECTION: Publication of Result: Records of County Court.** The records of the county court ascertaining and declaring the result of a local option election and ordering publication of the same, and a subsequent entry finding that the same was published are examined and *held* sufficient compliance with the statute.

3. **———: ———: ———: Criminal Law.** The records of the county court need not show a return of the publication of the result of a local option election, where it shows the publication was ordered, and the burden of showing a failure of such publication is upon the defendant, in a prosecution for violation of the Local Option Law.

Appeal from Christian Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*G. W. Thornsbury, G. Purd Hays* and *C. A. Mc-Cafferty* for appellant.

*Fred W. Barrett* for respondent.

NIXON, P. J.—The defendant was tried in the circuit court of Christian county upon an information charging the offense of selling intoxicating liquor in violation of the Local Option Law and he has appealed. No statement of points relied on for reversal or briefs have been filed.

The information is the same, word for word, as that in the case of State of Missouri v. J. A. Snider, decided by this court December 5, 1910, 132 S. W. 299, except the sale in that case took place on August 5, 1909 and the sale in this case was on August 4, 1909, the cases being against the same defendant and tried in the same court and before the same judge. In that case, we held the information sufficient, GRAY, J., writing the opinion.

The first error assigned in the motion for new trial is that there was no such publication of the result of the local option election in Christian county as the law requires, and that therefore the Local Option Law was not in force in said county. Section 3031, Revised Statutes 1899, provides that "if a majority of the votes cast at such election be against the sale of intoxicating liquors, the county court or municipal body ordering such election shall publish the result of such election once a week for four consecutive weeks, in the same newspaper in which the notice of election was published; and the provisions of this article shall take effect and be in force from and after the date of the last insertion of the publication last above referred to."

The Christian County Court, after ascertaining and declaring the result of the election, ordered the same to be spread upon the records and then caused the following entry to be made: "That the result of said election will take effect and be in force from and after publication for five insertions or four consecutive weeks, which last insertion will be July 12, 1905." Afterwards, on August 12, 1905, the following entry appears of record: "Now at this day the court finds in the matter of the publication of the result of the local option election that the same was published for four (4) consecutive weeks in the *Christian County Republican*, being the same paper in which the notice of local option election was published; also the court finds that the result of said election was published two weeks in

the *Billings Times,* being the same paper in which the notice of local option election was published."

It has been held under said section 3031 that "the record of the county court need not show a return of the publication of the result where it shows the publication was ordered, and the burden to show a failure of such publication is upon the defendant." [State v. Oliphant, 128 Mo. App. 252, 107 S. W. 32; State v. Bush, 136 Mo. App. 608, 118 S. W. 670; State v. Kennett, 132 S. W. 286.] But in the present case, the state did introduce the records of the county court showing that the notice of the result of the election was published for four consecutive weeks in the same newspaper in which the notice of the election was published. If the county court had assumed to act in accordance with the holding in the above cases, and had not designated in its order the newspaper in which the notice of the result of the election should be published and no order had been entered proving the fact of publication, we would have a different question. It seems to us it cannot be seriously contended that the statute has not been fully complied with in this case. The statute simply requires the county court to "publish the result of such election in the same newspaper in which the notice of election was published." This certainly was complied with in this case.

Only five instructions were given, the first three being the usual charges as to credibility of witnesses, competency of defendant as a witness in his own behalf, and reasonable doubt. Instruction No. 5 told the jury the Local Option Law was in force in Christian county at the time of the alleged sale. Instruction No. 4 told the jury if they found that defendant at the time and place mentioned in the information did unlawfully sell intoxicating liquors, to-wit, whiskey, in any quantity, they would find him guilty. These are the thumb-worn instructions appearing in every record in this

class of cases and we find that the trial court committed no error in giving them.

We have carefully examined the entire record and find no error committed justifying a reversal of the judgment, and it is accordingly affirmed.    All concur.